UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

BENDRA CASENEUVE,
        Plaintiff,
vs.                                                  Case No.:

CITY OF DANIA BEACH,
        Defendant.
_____/

## **COMPLAINT**

COMES NOW the Plaintiff, BENDRA CASENEUVE, and sues Defendant and states as follows:

## **JURISDICTION**

Jurisdiction in this Court is proper under 29 U.S.C. §1331 as this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the Americans with Disabilities Act, 42 U.S.C. §12131.

## **VENUE**

Venue is proper in this Court as Defendant is a City located in Broward County within the Southern District.

## **CONDITIONS PRECEDENT**

All conditions precedent to the filing of this suit have been met. Plaintiff

1

filed a Charge of Discrimination alleging discrimination based on race, national origin, disability and retaliation with the Equal Employment Opportunity Commission ("EEOC") and filed a second Charge of Discrimination alleging retaliation with the EEOC, both within 300 days of the discriminatory/retaliatory events. See Composite Exhibit A. Plaintiff received a Determination and Notice of Rights on each of the Charges dated August 18, 2022. See Composite Exhibit B. Plaintiff is filing the instant lawsuit within 90 days of receipt of her Notice of Rights.

## FACTUAL ALLEGATIONS

1. Plaintiff's race is African American.
2. Plaintiff's national origin is Haitian.
3. Plaintiff began working for Defendant on September 17, 2018, in the Human Resources Department in the position of Benefits & Risk Management Specialist.
4. In March 2020, Linda Gonzalez was hired by Defendant as the Director of Human Resources, making her Plaintiff's supervisor.
5. Ms. Gonzalez sent emails making false allegations that Plaintiff was failing to do certain job duties.

6. Plaintiff responded, advising that the things Ms. Gonzalez was complaining about not being done, had, in fact, been done.

7. Ms. Gonzalez continued to target Plaintiff who reported this to the Deputy City Manager.

8. Initially, Plaintiff did not complain that the conduct of Ms. Gonzalez was based on her race and/or national origin.

9. On June 23, 2020, an anonymous letter was sent to the City Commission of the City of Dania Beach alleging that Ms. Gonzalez was terminated from her previous employment due to discrimination against Haitian employees.

10. Ms. Gonzalez made it known that she believed that the anonymous letter had been sent by Plaintiff, which it had not.

11. Ms. Gonzalez changed Plaintiff's job duties and title and promoted an individual who was not African American and not Haitian to the same level as Plaintiff even though that individual did not have the requisite qualifications.

12. In approximately July 2021, shortly after a team building session was held, two employees resigned from Defendant's employ, and both sent letters to the City Manager, the legal department, and the City commission, alleging a hostile work environment and retaliation created by Ms. Gonzalez.

13. After these employees left, Plaintiff became aware that Ms. Gonzalez had asked each of them to work with her to get Plaintiff fired.

14. Ms. Gonzalez created a hostile work environment by publicly humiliating Plaintiff and constantly making false allegations against Plaintiff.

15. This work environment caused Plaintiff to suffer from depression and anxiety.

16. In September 2021, Plaintiff and her minor child tested positive for COVID.

17. For the next two weeks, even though she had COVID, since it was open enrollment for benefits, Plaintiff continued to work, but did so remotely.

18. On September 28, 2021, Plaintiff emailed Ms. Gonzalez to advise that, in addition to suffering from COVID symptoms, she was overwhelmed with the work duties that had been added to her responsibilities while she was working remotely from home.

19. On September 29, 2021, Plaintiff's COVID symptoms got so severe that she had to go to the hospital for treatment.

20. At 8:58 a.m. on September 29, 2021, Plaintiff's husband texted Ms. Gonzalez to let her know the situation and that he would be taking Plaintiff to the Emergency Room.

21. At that time, Plaintiff requested to take a week off to rest and recover from COVID as well as the anxiety and depression that had been building due to the work environment.

22. Plaintiff was initially due to return to work on October 25, 2021; however, Plaintiff's doctor recommended a one month leave under the Family Medical Leave Act to start medication for depression and seek a psychotherapist to deal with the overwhelming stress that Ms. Gonzalez was causing.

23. Prior to returning from FMLA leave, Plaintiff submitted a document to the City Manager, the City Attorney's Office, and the City Clerks office documenting numerous concerns she had about being targeted by Ms. Gonzalez and requesting that the hostile working conditions stop.

24. When she returned to work on November 22, 2021, Plaintiff found that Ms. Gonzalez had moved all of her personal belongings and deactivated several platforms which were required for Plaintiff to do her daily duties.

25. Plaintiff emailed Ms. Gonzalez requesting that her access be reinstated so she could continue to perform the duties of her job.

26. Additionally, Ms. Gonzalez indicated to the City's insurance broker that she did not expect Plaintiff to return.

27. Shortly before the close of business on November 22, 2020, Bendra received a Memo dated October 25, 2020, indicating that a meeting was scheduled to address nine specific "incidents," one of which contained 18 subsections.

28. The meeting was canceled, but Plaintiff was given two business days to submit a written response.

29. The Memo contained many of the same false allegations that had already been responded to by Plaintiff.

30. Regardless, Plaintiff submitted a detailed document, responding to each of the allegations.

31. After submitting the response, no one contacted Plaintiff to discuss the Memo and/or response with her and she did not receive anything in writing.

32. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission on January 5, 2022.

33. Plaintiff was terminated by Defendant on January 13, 2022.

34. Subsequent to her termination, Defendant responded to public records requests in such a manner as to prevent Plaintiff from getting a job with Broward County by sending her termination letter and advising that they

could not provide additional information because Plaintiff had an EEOC charge pending.

35. Likewise, Plaintiff received a preliminary job offer from the City of Boca Raton which was rescinded when Defendant admitted that it "did mistakenly provide the EEOC documents" in response to a request for information concerning Plaintiff's employment.

**COUNT 1 DISPARATE TREATMENT BASED ON RACE AND/OR NATIONAL ORIGIN**

Plaintiff incorporates all prior paragraphs as if fully stated herein.

36. As an African American, Plaintiff belongs to a protected class.

37. Plaintiff's national origin as Haitian also put her in a protected class.

38. Plaintiff was qualified to perform the duties of her job as evidenced by the fact that she worked for Defendant for a year and a half without issue prior to Ms. Gonzalez being hired.

39. Ms. Gonzalez treated Plaintiff less favorably than those outside her protected by promoting an individual who was not African American and was not Haitian to the same level as Plaintiff even though that individual did not have the requisite qualifications.

40. Plaintiff was also denied pay out of her accrued sick and vacation leave of over 300 hours when a terminated employee who was not African American and not Haitian was paid out for his accrued sick and vacation leave.

**WHEREFORE**, Plaintiff demands judgment for lost wages/back pay, benefits, front pay, emotional distress damages, and all other compensatory damages allowable under law, attorney's fees and costs and any other relief that the Court deems just and proper.

### COUNT 2 DISABILITY DISCRIMINATION

Plaintiff incorporates all prior paragraphs as if fully stated herein.

41. Plaintiff suffered from a temporary disability and/or was treated as having a disability when she had COVID.

42. Regardless of having COVID, Defendant required Plaintiff to continue to work from home until her symptoms became so severe that she had to go to the Emergency Room to get treatment.

43. Even after advising Ms. Gonzalez that her COVID symptoms were severe and she was going to the ER, Plaintiff received emails and text messages from Ms. Gonzalez pressuring her to work while she was on leave.

44. Plaintiff also suffered from depression and anxiety that was caused by the hostile work environment.

45. Plaintiff's depression and anxiety interfered with her ability to work as she was unable to return to work while she was being put on medication and seeking psychotherapy.

46. While Plaintiff was permitted to take leave under the Family Medical Leave Act, she was not given any other accommodations to permit her to perform the duties of her job upon her return.

47. In fact, Plaintiff was terminated shortly after her return.

**WHEREFORE**. Plaintiff demands judgment for lost wages/back pay, benefits, front pay, emotional distress damages, and all other compensatory damages allowable under law, attorney's fees and costs and any other relief that the Court deems just and proper.

## COUNT 3 RETALIATION

Plaintiff incorporates all prior paragraphs as if fully stated herein.

48. Even before filing a Charge of Discrimination, Plaintiff engaged in protected activity by reporting in writing that she was being targeted by her supervisor and requesting that it stop. On the document submitted, Plaintiff noted the EEOC Charge information.

49. Plaintiff also engaged in protected activity when she filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

50. Eight days after filing the Charge of Discrimination, Defendant terminated Plaintiff's employment.

51. The stated reasons for Plaintiff's termination were pretextual.

52. Plaintiff was terminated in retaliation for filing her Charge of Discrimination.

**WHEREFORE**. Plaintiff demands judgment for lost wages/back pay, benefits, front pay, emotional distress damages, and all other compensatory damages allowable under law, attorney's fees and costs and any other relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

Dated: November 15, 2022,                    Respectfully submitted,

*/s/Beth Coke*
Beth Coke
Fla. Bar. #70726
Beth@cokeemploymentlaw.com
Coke Employment Law
131 N. 2nd Street, Suite 204
Fort Pierce, Fl. 34950
Telephone: (772) 252-4230
Facsimile: (772) 252-4575
Attorney for Plaintiff