UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-62118-ALTMAN/Hunt

**BENDRA CASENEUVE**,

    *Plaintiff*,

v.

**CITY OF DANIA BEACH**,

    *Defendant.*

_____/

## ORDER

The Plaintiff, Bendra Caseneuve, has sued our Defendant, the City of Dania Beach (the "City"), alleging discrimination on the basis of race and national origin (Count I), retaliation under Title VII (Count II), and discrimination under the Americans with Disabilities Act (Count III). *See generally* Amended Complaint ("Am. Compl.") [ECF No. 6]. In its Motion to Dismiss [ECF No. 9], the City identifies several deficiencies in the Amended Complaint. But, because the Amended Complaint is plainly a shotgun pleading, we **STRIKE** it, order the Plaintiff to **REPLEAD** her case properly, and **DENY** the City's Motion to Dismiss as **MOOT**.

### THE LAW

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count

>each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). All shotgun pleadings share two characteristics. *See Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.). *First*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). *Second*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up).

"As [the Eleventh Circuit] ha[s] stated on several occasions . . . if, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, *must* intervene *sua sponte* and order a repleader." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008) (emphasis added). "Discharging this duty ensures that the issues get defined at the earliest stages of litigation. The district court should strike the complaint and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Id.* at 1133 n.113 (cleaned up); *see also Magluta v. Samples*, 256 F.3d 1282, 1285 (11th Cir. 2001) (vacating an order of dismissal and instructing the district court to "enter an order striking the complaint and require a repleading of all claims in a complaint that respects the requirements of Rule 8"); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("On examining those pleadings, the court, acting *sua sponte,* should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement.").

##### ANALYSIS

Caseneuve's Amended Complaint is a shotgun pleading because it "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. So, for instance, in Count II, Caseneuve "incorporates *all prior* paragraphs as if fully stated herein," Am. Compl. at 10, which includes all the paragraphs of Count I. And she does this again in Count III: "Plaintiff incorporates *all prior* paragraphs as if fully stated herein." *Id.* at 11 (emphasis added). In doing this, Caseneuve has incorporated Counts I & II into Count III. "By failing to incorporate *only* the specific factual allegations that support the cause of action asserted in each count, [Caseneuve] has committed what the Eleventh Circuit has called the 'cardinal sin' of shotgun pleading." *Brown v. Air Line Pilots Ass'n*, 2019 WL 13260855, at *3 (S.D. Fla. Sept. 24, 2019) (Altman, J.) (cleaned up); *see also Weiland*, 792 F.3d at 1321–22 (noting that a complaint which incorporates all preceding counts into a subsequent count is guilty of "mortal sin"). We therefore strike the Amended Complaint and direct Caseneuve to replead her case without impermissibly incorporating each count into every successive count. *See, e.g.*, *Byrne*, 261 F.3d at 1133 ("[I]f, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, *must* intervene *sua sponte* and order a repleader." (emphasis added)).

\*\*\*

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Amended Complaint [ECF No. 6] is **STRICKEN**.
2. The Plaintiff may file a second amended complaint by **August 16, 2023**.
3. The Defendant's Motion to Dismiss [ECF No. 9] is **DENIED** as **MOOT**.
4. The Clerk of Court is directed to **CLOSE** this case for administrative purposes pending the Plaintiff's filing of a second amended complaint.

**DONE AND ORDERED** in the Southern District of Florida on August 4, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record